*FILED ELECTRONICALLY*

**UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKTY
AT OWENSBORO**

CASE NO. 4:23-cv-124-BJB

**TENA D. WASHINGTON**                                                                 **PLAINTIFF**

v.

**GENERAL ELECTRIC COMPANY**                                              **DEFENDANT**

       **SERVE:**      **CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes the Plaintiff, Tena D. Washington (hereinafter "Washington"), by and through the undersigned counsel, and for her Complaint and Demand for Jury Trial against the above-named Defendant, hereby states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Washington is a citizen of the Commonwealth of Kentucky and resides in Madisonville, Hopkins County, Kentucky.

2. The Defendant, General Electric Company (hereinafter "GE") is a foreign corporation with its principal office listed with the Kentucky Secretary of State as One Financial Center, Suite 3700, Boston, Massachusetts 02111. GE's agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601 At all times relevant hereto, GE was Washington's employer as that term is

1

defined under Title VII of the Civil Rights Act of 1964, *as amended*, KRS Chapter 344 and all other applicable law.

3.	This Court has personal jurisdiction over these Defendants, and subject matter jurisdiction over the claims brought herein. The amount in controversy is sufficient to meet this Court's minimal jurisdictional requirements, and venue is appropriate in this Court.

### FACTS

4.	Washington repeats and incorporates all of the allegations contained in numerical paragraphs 1-3 above as if fully set out herein.

5.	Washington began working for GE on or about January 3, 1989, as a Certified Furnace Operator. Throughout the course of her decades of employment with GE, she was a model employee receiving good evaluations, regular pay raises, and only received one disciplinary action throughout her first 33 years of employment with GE.

6.	During the relevant time period, Washington was the only African-American working for GE in her department on the third shift.

7.	Despite only having one disciplinary action taken against her by GE in the 33 years of her employment there, from January 25, 2022 through February 18, 2022 (a span of merely 25 days), GE accused Washington of eight sperate violations and took discriminatory action against her because of these alleged violations which resulted in 6 fact findings, 2 EDR's, 2 warnings issued, and her stamp being pulled by GE which resulted in her being unable to work overtime and losing a substantial amount of wages which she would have otherwise earned absent the discriminatory actions mentioned herein.

8. Similarly situated white, male employees engaged in the same alleged acts alleged by GE against Washington, but received no discipline at all from GE, much less the harsh discipline taken against Washington by GE for these exact same alleged infractions.

9. Attached hereto as "**Exhibit 1**" is document detailing the infractions alleged against Washington, along with evidence that white, male employees engaged in these same alleged acts and were not disciplined at all, much less receiving the same discipline against Washington, the only African-American employee in the department on third shift.

10. GE further failed to utilize the same procedures and policies in addressing the issues surrounding Washington as were used with other white, male employees.

11. Washington filed a timely Charge of Discrimination with the EEOC, and received her Right to Sue Letter (copy attached as "**Exhibit 2,**" hereto). She has timely filed this lawsuit within 90 days of receiving this Right to Sue Letter.

## COUNT I

### RACE DISCRIMINATION

12. Washington repeats and incorporates all of the allegations contained in numerical paragraphs 1-11 above as if fully set out herein.

13. GE took adverse action against Washington because of her race, African-American.

14. Washington was, and is, qualified for the job she performs for GE.

15. GE's rationale for taking the adverse employment actions against Washington are pre-textual, and the true reason is race discrimination.

16. Similarly-situated white employees, supervised by the same supervisors as Washington, have engaged in the exact same actions or inactions as alleged to have been taken or not taken by Washington, and were not disciplined at all, much less did they receive the same discipline as Washington. (*See*, Exhibit 1).

17. GE's actions towards Washington constitute intentional and unlawful discrimination against Washington on the basis of her race, in direct violation of Title VII and KRS Chapter 344 with respect to the terms, conditions and privileges of her employment with GE.

18. As a proximate result of GE's discriminatory conduct and omissions, Washington has been deprived of and continues to be deprived of past and future wages, benefits, and other terms and conditions of her employment at GE, because of her race, in violation of Title VII and KRS Chapter 344 which she would have otherwise enjoyed absent the impermissible discrimination.

19. As a further proximate result of said conduct, Washington has suffered and will continue to suffer mental and psychological damage, physical anxiety, and other emotional damages she would not have suffered absent the impermissible conduct.

20. As a result, Washington is entitled to recover compensatory damages from GE in an amount in excess of this Court's minimal jursidcitonal requirements, along with her court costs and attorneys' fees, all pursuant to Title VII and KRS Chapter 344, and is further entitled to recover punitive damages from GE under Title VII.

## **CLAIM FOR RELIEF**

**WHEREFORE,** Washington respectfully requests the following relief from this Court:

1. On Count I, for compensatory damages, punitive damages, court costs and attorneys' fees from GE;

2. For a trial by jury;

3. For her court costs and attorneys' fees;

4. For pre and post-judgment interest at the highest legally allowable rate; and;

5. For any and all other relief, equitable or otherwise, to which she may appear entitled.

Respectfully submitted,

ARNOLD & MILLER, P.L.C.

*/s/ Christopher D. Miller*
Christopher D. Miller
121 Prosperous Place, Suite 6B
Lexington, Kentucky 40509
Telephone: (859) 381-9999
Facsimile: (859) 389-6666
E-Mail: cmiller@arnoldfmillerlaw.com
